## In the District Court of the United States
### For the District of South Carolina
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Scott M. Dills, | ) | C. A. No. 9:04-21978-DCN-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, Paul Townsend McChesney, Esquire.  The record indicates the plaintiff filed an application for disability insurance benefits and supplemental security income on June 27, 2000, which were denied by the Social Security Administration, both initially and upon reconsideration.  A hearing, requested by plaintiff under 42 U.S.C. § 405(b), resulted in an adverse determination as to benefits. That determination became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council.  Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g).  On March 8, 2005, this court remanded the case to the Commissioner for further administrative proceedings.

Subsequently, the plaintiff's counsel has filed a motion for approval of attorney's fees on June 7, 2005, seeking fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) in the amount of Three Thousand Two Hundred Eighty Four and 27/100 ($3,284.27) dollars which represents 10.65 hours of work at $155.19 per hour and 25.10 paralegal hours of work at $65.00.  The Commissioner filed a response on June 7, 2005, with both parties agreeing to a reduced

hourly rate for which Plaintiff's attorney should be compensated and registering no opposition to the

motion.

In Morris v. Social Security Administration, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit

Court of Appeals addressed the issue of attorney's fees:

> Subsection (a) of 42 U.S.C. § 406
> authorizes the Secretary to certify
> a maximum of twenty-five per cent of a
> claimant's past due benefits as fees
> for the attorney who successfully
> represents the claimant in the agency
> proceedings.  Similarly, subsection
> (b)(1) authorizes the court to allow
> up to twenty-five per cent of a
> claimant's past-due benefits as fees
> the attorney who successfully represents
> his client before the court.  The district
> court, however, is to award attorney's
> fees pursuant to section 406(b)(1) without
> considering any services the attorney may
> have performed before the Secretary.
> Whitt v. Califano, 601 F.2d 160, 161-62
> (4th Cir. 1979).  The Secretary alone is
> empowered to make awards for services
> rendered in agency proceedings.  Id. at
> 162.  Nonetheless, an attorney's entitle-
> ment to fees for court services is not
> eliminated when the court does no more
> than remand the case to the Secretary, as
> in the instant case.  See Conner v. Gardner,
> 381 F.2d 497, 500 (4th Cir. 1967).
>
> While the district court may not consider
> services rendered in administrative
> proceedings in its determination of a
> reasonable attorney's fee under subsection
> (b)(1), the legislative history of section
> 406 convinces us that the court must take
> into account any fees fixed by the Secretary.

Morris, 689 F.2d at 496-97.

This court has thoroughly reviewed the record in the instant action. Petitioner's brief competently advanced correct legal and factual points which persuaded this court that substantial evidence did not support the decision of the Commissioner. In addition, the petition for approval of attorney's fees contains detailed records of the time plaintiff's counsel expended in the proceedings here involved. The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. § 406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that Three Thousand Two Hundred Thirty Five and 28/100 ($3,235.28) dollars which represents 10.65 hours of work at $150.59 and 25.10 paralegal hours at $65.00 per hour is a reasonable and just fee to be paid to claimant's counsel for his services before the court.

Therefore, it is

**ORDERED**, that the Secretary remit the amount of Three Thousand Two Hundred Thirty Five and 28/100 ($3,235.28) dollars which represents 10.65 hours of work at $150.59 and 25.10 paralegal hours at $65.00 per hour to petitioner for his services in this case.

**IT IS FURTHER ORDERED**, that in no event shall the combined fee awarded counsel for his services before the Social Security Administration and the court exceed twenty-five per cent of claimant's past-due benefits.

**IT IS SO ORDERED**.

George C. Kosko
United States Magistrate Judge

June 15, 2005
Charleston, South Carolina